**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHRIS HYNDS, et al.,** ) | **CASE NO. 1:08CV3001** |
| ) | |
| Plaintiffs, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **SERVICE TECH CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #45) of Defendant Service Tech Corporation ("Service Tech") to Amend the November 18, 2009 Order on Expedited Opt-In Discovery. For the following reasons, the Motion is denied.

On November 18, 2009, the Court entered an Order for Expedited Opt-In Discovery, requiring the production of names and addresses of foremen and field technicians employed by Service Tech for the period from March 3, 2006 to the present. In the instant Motion, Service Tech objects, and argues the "look-back" time frame exceeds the applicable statute of limitations. Specifically, Service Tech insists the only viable claims are those beginning two years before the action was commenced, that is, on November 26, 2006 at the earliest.

Pursuant to 29 U.S.C. § 255(a), a cause of action arising out of willful violation of the Fair Labor Standards Act may be commenced within three years after the cause of action accrued. In Paragraph 10 of Plaintiffs' Complaint, Plaintiffs allege that the acts of Defendant were done intentionally and with willful disregard of Plaintiffs' rights.

The Proposed "Notice" and "Consent Form" (ECF DKT #40), submitted by Plaintiffs

on October 9, 2009, and the Proposed "Order for Expedited Opt-In Discovery" (ECF DKT #41), submitted by Plaintiffs on October 12, 2009, each contain language describing the relevant time period as including March 3, 2006 to the present. The Court did not adopt the Notice and Consent, nor enter the Discovery Order until November 18, 2009. More than thirty days had passed, without objection from Service Tech. Defendant admits it "inadvertently did not observe" the March 3, 2006 date prior to the Court entering its Order. (ECF DKT #45 at 2).

The timeliness of any objection aside, Plaintiffs only have to make a modest showing at the initial stage of a Fair Labor Standards Act collective action. Conditional certification is determined before discovery and with minimal evidence offered. *Comer v. Wal-Mart Stores, Inc.*, 454 F. 3d 544 (6th Cir. 2006). Plaintiffs still bear the ultimate burden of proving willfulness; and that they were victimized by the same unlawful policy, decision or plan regarding wages and compensation.

For all these reasons, Defendant Service Tech Corporation's Motion to Amend the Court's Order on Expedited Opt-In Discovery, by altering the "look-back" statute of limitations period is denied.

**IT IS SO ORDERED.**

**DATE: _December 14, 2009_____**

                                         **S/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**